

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**FILED**

| | | |
|---|---|---|
| THE FLAG CO. | ) | MAR 1**5** 2005 |
| | ) | |
| Plaintiff, | ) | MICHAEL W DOBBINS |
| | ) | CLERK, U.S. DISTRICT COURT |
| v. | ) | 04 C 7984 |
| | ) | |
| | ) | Judge Gettleman |
| BILL MAYNARD, STEVE ADAMS, | ) | Magistrate Judge Geraldine Soat Brown |
| and RONALD THOMAS a/k/a | ) | |
| RONALD ROTHSTEIN, | ) | **Jury Demand** |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff, the Flag Co. (hereafter "Flag Co."), by undersigned counsel, hereby

complains of the defendants, as follows:

**I.    SUMMARY OF CLAIMS**

1.    This is an action brought by Plaintiff, The Flag Co., for compensation for

the attorneys' fees and other damages it has, or will be required to incur as a direct result

of the scheme perpetrated by defendants Bill Maynard (Maynard), Ronald  Thomas a/k/a

Ronald Rothstein (Thomas a/k/a Rothstein) and Steve Adams (Adams) (hereafter

collectively "defendants").

2.    Simply put, defendants are perpetrating a massive fraud scheme on

innocent business owners throughout the U.S. through the use of interstate wires.  Their

scheme, which is open and ongoing, is to deceive innocent business owners throughout

the U.S. to purchase their services in order to promote sales of their products and

1195865

**FIRST AMENDED COMPLAINT**

services. This is primarily done by sending large numbers of unsolicited facsimile advertisements to potential consumers throughout the nation, a practice commonly known as "blast faxing." Defendants, as an integral part of the scheme, omit to inform their victims that sending unsolicited fax advertisements violates federal law and can subject the victim of the scheme to a $500 statutory penalty and attorneys' fees for each fax sent.[1]

3. The Flag Co. was taken in by defendants' scheme and has now been sued in a class action pursuant to the TCPA by one of the recipients of the fax ads sent by defendants on behalf of all recipients. A copy of the Complaint is attached as Ex. 1 (hereafter "the Class Action").

4. In this action, The Flag Co. seeks to redress all of its damages proximately caused by the defendants' scheme, i.e., its attorneys' fees and liability as sought in the Class Action.

## II. PARTIES, JURISDICTION AND VENUE

5. The Flag Co. is a Georgia corporation having its principal place of business in Acworth, Georgia.

6. Defendants Adams and Maynard are believed to be Canadian citizens. Thomas a/k/a Rothstein is a citizen of California. They have perpetrated the scheme from both Canada and California by using interstate wires.

7. This Court has jurisdiction of this case pursuant to 28 U.S.C. §. 1331, as a federal question. It is brought pursuant to the Racketeer Influenced and Corrupt

---

[1] *See* the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereafter "the TCPA").

2

**FIRST AMENDED COMPLAINT**

Organizations Act (hereafter "RICO").[2] § 1964(c) of RICO also confers jurisdiction on this Court to hear this action.

8.      Venue is proper in this Court because this action is brought in the district where the underlying Class Action is pending, the Circuit Court of Cook County, Illinois.

## III. DEFENDANTS CONSPIRED TO VICTIMIZE THE FLAG CO. TO PURCHASE BLAST FAXING SERVICES THROUGH FRAUDULENT INTERSTATE WIRE TRANSMISSIONS

9.      On February 5, 2004 Thomas a/k./a Rothstein, Senior Sales Executive of Protus IP Solutions (hereafter "Protus"), sent a fax message from California to The Flag Co. offering "broadcast faxing" services for the rate of 1.9 cents per page.

10.     Flag Co. expressed interest in obtaining advertising through facsimile. Its vice president, Michael Lawrence (hereafter Lawrence) called Thomas a/k/a Rothstein and made an offer to purchase such facsimile services for a fee from Protus IP Solutions.

11.     Thomas agreed to provide "blast fax" services to Flag Co. in a telephone call from California to Lawrence, in Georgia, in February 2004.  In this telephone call Thomas a/k/a Rothstein omitted to inform Lawrence that the services he was selling were illegal, which he knew, pursuant to the TCPA, and would subject the Flag Co. to civil liability from the blast fax recipients, which he also knew.

12.     If The Flag Co. knew the blast fax services were illegal, it would not have purchased them.

13.     Thomas a/k/a Rothstein, in furtherance of the scheme to defraud Flag Co. into purchasing Protus' services, directed his co-conspirator Adams, Vice President of Marketing for Protus, to send an e-mail to Flag Co. to confirm the agreement to provide

---

[2] 18 U.S.C. § 1961 *et seq.*  This Complaint will cite the RICO statute as "§" rather than repeat the entire statutory citation.

1195865

**FIRST AMENDED COMPLAINT**

blast fax services. In this March 5, 2004 e-mail from Canada to Lawrence, Adams made the statement that "Over 90% of users are happy with our service…" This statement was knowingly false. The truth is that Protus customers are unhappy with its blast fax services because they are illegal, and have resulted in many lawsuits against Protus' customers, which Adams knew.

14.     Thomas a/k/a Rothstein and Adams then caused other e-mails to be sent from Protus in Canada to Flag Co. in Georgia finalizing the billing for the blast fax services. These e-mails were sent on March 5, 2004, March 23, 2004 and March 31, 2004. All of these e-mails were fraudulent and furthered the scheme in that they omitted to inform Flag Co. that the blast fax services it was purchasing were illegal.

15.     Thereafter, in March 2004, Adams, Thomas a/k/a Rothstein and their co-conspirator Maynard, Sales Director for Protus Solutions, sent the blast fax to thousands of businesses in the U.S. from Canada, advertising Flag Co.'s products. Each one of these fax transmissions used the interstate wires and was sent in furtherance of the scheme to defraud Flag Co.

16.     On April 1, 2004 Maynard sent Lawrence an e-mail confirming that the blast fax campaign had been concluded. This e-mail was in furtherance of the scheme as it omitted to inform Flag Co. that the campaign was unlawful.

## IV.     FLAG CO. HAS BEEN SUED FOR THE BLAST FAX CAMPAIGN

17.     Flag Co. was sued in a putative class action for violating the TCPA as a result of the blast fax in March 2004. The Complaint, entitled, Henry Repay d/b/a Law Offices of Henry Repay v. The Flag Co., 04 CH 05344 (Cir. Court of Cook County, Ill.), is attached as Ex. 1.

4

**FIRST AMENDED COMPLAINT**

18.     Flag Co. now faces liability for damages and attorneys' fees in the millions of dollars as a direct and proximate cause of the scheme.

19.     After being sued, Maynard called Lawrence. In this call, Lawrence informed him of the class action.

20.     Maynard stated, "Did you get the $500 letter or the $1500 letter?" This statement referred to demands for violations of the TCPA. Therefore, this statement revealed his knowledge of the TCPA and that the blast fax was illegal.

21.     Accordingly, all three co-conspirators were at all times aware that blast faxing is illegal and omitted to inform Flag Co. or Lawrence of this fact. They perpetrated this scheme, as indicated, in order to obtain blast faxing service contracts from unwitting businesses.

## V.     THE RICO ENTERPRISE

22.     The co-conspirators perpetrated the scheme and sent the interstate wire communications and e-mails pled above through their participation in Protus. Protus is a business entity which affects interstate commerce through its contracts with U.S. businesses. Protus has entered into numerous contracts with U.S. businesses for blast fax services which have subjected these businesses to liability, thereby causing effects in the U.S.

23.     All three co-conspirators hatched and carried out the scheme by virtue of their participation in the operation and management of Protus.

24.     Protus is an enterprise pursuant to 18 U.S.C. § 1961(4).

1195865

## VI.   THE PATTERN OF RACKETEERING ACTIVITY

25.   All of the fax transmissions and emails described herein were sent in furtherance of the scheme, in violation of the federal wire fraud statute, 18 U.S.C. § 1343, which is a RICO predicate offense.

26.   The use of the wires to further the scheme was repeated, and involves thousands of individual faxes to Flag Co. and the recipients of the blast faxes. This is a pattern of racketeering activity as it has occurred over months and is an ongoing, open and continuous manner of conducting Protus' business. The co-conspirators will continue perpetrating the scheme against future customers of Protus until halted by judicial intervention.

## VII.   THE THREE DEFENDANTS HAVE CONSPIRED TO VIOLATE RICO

27.   The three defendants have conspired, as detailed, to perpetrate the scheme.

28.   This conspiracy was entered in order to violate 18 U.S.C. § 1962(c), by participating in the Protus enterprise through a pattern of wire fraud -- the scheme.

29.   This conspiracy to violate 18 U.S.C. § 1962(c) is a violation of 18 U.S.C. § 1962(d).

## VIII.   DAMAGES

30.   As detailed  herein, Flag Co. has been proximately damaged by the co-conspirators pattern of racketeering activity, the wire fraud violations, all in furtherance of the scheme.

## IX.   RELIEF DEMANDED

31.   Flag Co. demands a judgment against Thomas a/k/a Rothstein, Adams and Maynard pursuant to 18 U.S.C. § 1964(c) for three times the damages it has or will incur

6

**FIRST AMENDED COMPLAINT**

as a result of the scheme, including its attorneys' fees for defending the Class Action and an injunction against them from conducting further racketeering activity and to disassociate them from each other and from Protus.

32. Flag Co. demands a jury trial, pursuant to FED. R. CIV. P. 38(b).


Dated: March 15, 2005

The Flag Co.


By:_____
One of its Attorneys

John W. Bell
Howard W. Foster
Johnson & Bell, Ltd.
55 E. Monroe Street, Suite 4100
Chicago, IL 60603
(312) 372-0770

1195865

**FIRST AMENDED COMPLAINT**

Exhibit 1

FILED-3

Atty. No. 12775

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

CIRCUIT COURT OF COOK

|  |  |
|---|---|
| HENRY REPAY d/b/a | ) |
| LAW OFFICES OF HENRY REPAY | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE FLAG COMPANY, INC., | ) |
|  | ) |
| Defendants. | ) |

04 CH 05344

## COMPLAINT -- CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.    Plaintiff Henry Repay doing business as the Law Offices of Henry Repay ("Repay") brings this action to secure redress for the actions of defendant The Flag Company, Inc. ("Flag Company") in sending out unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and Illinois common law.

### PARTIES

2.    Plaintiff Repay is a lawyer doing business as the "Law Offices of Henry Repay" in Belvidere, Illinois, where it maintains a telephone facsimile machine.

3.    Defendant Flag Company is a corporation chartered in the state of Georgia with its principal business address at 3600 Cantrell Industrial Ct NW, Acworth, GA 3010.

4.    Defendants John Does 1-10 are other natural or artificial persons that were

1

involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## FACTS

5. On or about February 17, 2004, Flag Company caused the unsolicited fax advertisement attached as Exhibit A to be transmitted to plaintiff's facsimile machine.

6. Plaintiff Repay had no prior business relationship with Flag Company and had not authorized the sending of fax advertisements to plaintiff.

7. The fax has a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

8. On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

9. Defendant Flag Company or its agents designed the advertising material in question in a manner calculated to make its receipt particularly expensive. The inclusion of graphics and bold headlines and words in the fax causes it to consume unusually large amounts of toner or ink. Heavy black headlines and graphics cause a fax to consume as much toner or ink as a dozen or more ordinary business letters.

10. Defendants state in the fax that "If you received this fax in error - please call . . . .". In fact, the faxes were not sent in error, but deliberately. The quoted statement is misleading and its making a deceptive practice.

## COUNT I – TCPA

11. Plaintiff incorporates ¶¶ 1-10.

12. The TCPA makes unlawful the "use of any telephone facsimile machine,

2

computer or other device to send an unsolicited advertisement to a telephone facsimile machine..."

47 U.S.C. §227(b)(1)(C).

13.     The TCPA, 47 U.S.C. §227(b)(3), provides:

Private right of action.

A person or entity may, if otherwise permitted by the laws or rules of court of
a State, bring in an appropriate court of that State—

> (A) an action based on a violation of this subsection or the regulations
> prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation,
> or to receive $500 in damages for each such violation, whichever, is
> greater, or
>
> (C) both such actions.

If the Court finds that the defendant willfully or knowingly violated this
subsection or the regulations prescribed under this subsection, the court may,
in its discretion, increase the amount of the award to an amount equal to not
more than 3 times the amount available under the subparagraph (B) of this
paragraph.

14.     Plaintiff and each class member suffered damages as a result of receipt of the
unsolicited faxes, in the form of paper and ink or toner consumed as a result.

15.     Plaintiff and each class member is entitled to statutory damages.

16.     If the evidence shows the violation was willful, plaintiff requests trebling of
the damages.

17.     Defendant should be enjoined from committing similar violations in the
future.

## CLASS ALLEGATIONS

18.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons

3

with Illinois fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent advertising faxes by defendant Flag Company (d) and with respect to whom defendant cannot provide evidence of consent.

19.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 50 members of the class.

20.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.      Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

b.      The manner in which defendant compiled or obtained its list of fax numbers;

c.      Whether defendant thereby violated the TCPA;

d.      Whether defendant thereby committed the tort of conversion;

e.      Whether defendant thereby engaged in unfair and deceptive acts and practices, in violation of the ICFA.

21.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

22.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual

4

actions.

23.　　Several courts have certified class actions under the TCPA. <u>Nicholson v.</u>
<u>Hooters of Augusta, Inc.</u>, 245 Ga.App. 363, 537 S.E.2d 468 (2000); <u>ESI Ergonomic Solutions, LLC</u>
<u>v. United Artists Theatre Circuit, Inc.</u>, 50 P.3d 844 (Ariz. App. 2002) (private class actions); see
<u>State of Texas v. American Blast Fax, Inc.</u>, 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state
enforcement action).

24.　　Management of this class action is likely to present significantly fewer
difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff
and the class and against defendant for:

　　　　　a.　　　Actual damages;

　　　　　b.　　　Statutory damages;

　　　　　c.　　　An injunction against the further transmission of unsolicited fax
advertising;

　　　　　d.　　　Costs of suit;

　　　　　e.　　　Such other or further relief as the Court deems just and proper.

## COUNT II – CONVERSION

25.　　Plaintiff incorporates ¶¶ 1-10.

26.　　By sending plaintiff and the class members unsolicited faxes, defendant
converted to its own use ink or toner and paper belonging to plaintiff and the class members.

27.　　Immediately prior to the sending of the unsolicited faxes, plaintiff and the
class members owned and had an unqualified and immediate right to the possession of the paper and

ink or toner used to print the faxes.

28.     By sending the unsolicited faxes, defendant appropriated to its own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

29.     Defendant knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

30.     The Criminal Code, 720 ILCS 5/26-3, makes it an offense to send an unsolicited fax advertisement.

31.     Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose.   Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

32.     Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

33.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action, (c) were sent advertising faxes by defendant Flag Company (d) and with respect to whom defendant cannot provide evidence of consent.

34.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 50 members of the class.

35.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

6

        a.      Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

        b.      Whether defendant thereby violated the TCPA;

        c.      Whether defendant thereby committed the tort of conversion;

        d.      Whether defendant thereby engaged in unfair and deceptive acts and practices, in violation of the ICFA.

36.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

37.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

38.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

        a.      Appropriate damages;

        b.      An injunction against the further transmission of unsolicited fax advertising;

        c.      Costs of suit;

7

    d.    Such other or further relief as the Court deems just and proper.

## COUNT III – ICFA

39.    Plaintiff incorporates ¶¶ 1-10.

40.    Defendant engaged in unfair and deceptive acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

41.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

42.    Defendant engaged in such conduct in the course of trade and commerce.

43.    Defendant engaged in such conduct knowing that such conduct was causing recipients of its advertising to bear the cost thereof.

44.    Defendant's shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendant's conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

45.    The Criminal Code, 720 ILCS 5/26-3, makes it an offense to send an unsolicited fax advertisement.

46.    Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

47.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date three years prior to the filing of this action, (c) were sent advertising faxes by defendant Flag Company (d) and with respect to whom defendant cannot provide evidence of consent.

48.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 50 members of the class.

49.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.      Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

b.      Whether defendant thereby violated the TCPA;

c.      Whether defendant thereby committed the tort of conversion;

d.      Whether defendant thereby engaged in unfair and deceptive acts and practices, in violation of the ICFA.

50.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

51.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

52.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

9

a.     Appropriate damages;

b.     An injunction against the further transmission of unsolicited fax advertising;

c.     Attorney's fees, litigation expenses and costs of suit;

d.     Such other or further relief as the Court deems just and proper.

## COUNT IV – PROPERTY DAMAGE

53.     Plaintiff incorporates ¶¶ 1-10.

54.     By sending plaintiff and the class members unsolicited faxes, defendant damaged paper belonging to plaintiff and the class members.

55.     Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and used to print the faxes.

56.     By sending the unsolicited faxes, defendant used plaintiff's paper used to print the faxes in such manner as to make it unusable. Such action was wrongful and without authorization.

57.     Defendant knew or should have known that its action was wrongful and without authorization.

58.     The Criminal Code, 720 ILCS 5/26-3, makes it an offense to send an unsolicited fax advertisement.

59.     Plaintiff and the class members were deprived of the paper, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

60. Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

61. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action, (c) were sent advertising faxes by defendant Flag Company (d) and with respect to whom defendant cannot provide evidence of express consent.

62. The class is so numerous that joinder of all members is impractical. Plaintiff allege on information and belief that there are more than 50 members of the class.

63. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a. Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

b. Whether defendant thereby violated the TCPA;

c. Whether defendant thereby committed the tort of conversion;

d. Whether defendant thereby engaged in unfair and deceptive acts and practices, in violation of the ICFA.

e. Whether defendant thereby tortiously damaged the property of plaintiff.

64. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to

11

vigorously pursue this action.

65.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

66.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

a.    Appropriate damages;

b.    An injunction against the further transmission of unsolicited fax advertising;

c.    Costs of suit;

d.    Such other or further relief as the Court deems just and proper.


_____
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Julie Clark
EDELMAN, COMBS & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

Atty. No. 12775

l:\Case\flag11.417\pleading\cmplt.wpd

13

# EXHIBIT A

# FACTORY TO YOU
# FARMING FLAGS ®



U.S. Farming Flags
Special Pre-Season Price

**$.25 EA** in any quantity.
through Feb. 29, 2004
**$.27 EA** in any quantity.
through March. 31st, 2004

* 12" x 18" on 30" wooden staff
* 3.5 Mil embossed polyester
* Pole hem double stapled onto staff
* "Made in USA" on hem of flag
* Compliments cards available



From the first name in Farming Flags:

# THE FLAG COMPANY, INC.

To take advantage of this incredible offer, visit us at:
www.flagco.com or call toll-free: 1-800-962-0956

The Flag Company, Inc.
Phone: 770 974-0507  Fax: 770 974-0793

If you have received this fax in error - please call 1-866-342-0083 to be removed from the list

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE FLAG CO. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 04 C 7984 |
| | ) |
| | ) Judge Gettleman |
| BILL MAYNARD, STEVE ADAMS, | ) Magistrate Judge Geraldine Soat Brown |
| and RONALD THOMAS a/k/a | ) |
| RONALD ROTHSTEIN, | ) **Jury Demand** |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

TO:     Mary Ann L. Wymore                Marion B. Adler
        Greensfelder, Hemker & Gale, P.C.    Rachlis, Durham, Duff & Adler
        2000 Equitable Building              542 South Dearborn Street, Suite 1310
        10 South Broadway                    Chicago, IL 60605
        St. Louis, MO 63102

        Griswold L. Ware
        John M. Heaphy
        George N. Vurdelja
        Vurdelja & Heaphy
        120 N. LaSalle Street, Suite 1150
        Chicago, IL 60602

    The undersigned, states that she has served the foregoing **First Amended Complaint** on the attorneys of record via facsimile and by depositing a copy of same in the U.S. Mails, properly addressed and with proper postage affixed thereto on March 15, 2005 on or before 5:00 p.m.

                                _Joyce M. Olinger_
                                Joyce M. Olinger

Howard W. Foster
Johnson & Bell, Ltd.
55 E. Monroe Street
Suite 4100
Chicago, Illinois   606013
(312) 372-0770

## CERTIFICATE OF SERVICE

1059035